IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SUNDANCE ENERGY OKLAHOMA, LLC, d/b/a SEO, LLC, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. CIV-13-991-R ) |
| DAN D. DRILLING CORPORATION, | ) ) ) |
| Defendant. | ) ) |

## ORDER

Before the Court is the Motion of Sundance Energy Oklahoma, LLC and Sundance Energy, Inc. to Strike Daniel Reineke's Expert Report. Doc. No. 68. Defendant's deadline for filing its final list of expert witnesses and submitting its expert reports was September 15, 2014. Doc. No. 43, at 1. On September 15, the parties privately agreed to a ten-day extension of Defendant's deadline, thus requiring Defendant to submit the above materials by September 25. Doc. No. 68, at 2; Doc. No. 78, at 2. Defendant did not ask the Court to amend the Scheduling Order in accordance with this agreement. Defendant did not file its final expert list by September 25, but rather included Daniel Reineke on its final witness list filed on September 29, designating him as an expert. Doc. No. 62, at 4. Additionally, Defendant did not submit Reineke's expert report to Plaintiff until October 2. Doc. No. 68, at 3; Doc. No. 78, at 2. Thus, Defendant missed the Scheduling Order's deadline for submitting expert reports by seventeen days and the parties' private deadline by seven days.

## Analysis

Under FED. R. CIV. P. 26(a)(2), a party that seeks to call an expert witness at trial must provide the opposing party with a written expert report by the time ordered by the Court. Generally, "when a party fails to comply with Rule 26(a)'s disclosure requirements, that party 'is not allowed to introduce the expert witness's testimony … at trial.'" *ClearOne Commc'ns, Inc. v. Biamp Sys.*, 653 F.3d 1163, 1176 (10th Cir. 2011) (citations omitted). But the offering party may still call the expert witness at trial if the failure to abide by Rule 26(a) was "substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). To determine whether the failure to comply is justified or harmless the Court weighs four factors: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *ClearOne*, 653, F.3d at 1176 (citing *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002)).

### A. Prejudice & Ability to Cure

Plaintiff argues that it is prejudiced by Defendant's failure to comply with Rule 26(a) because the deadline for filing a *Daubert* motion has passed, and Plaintiff could not have filed such a motion without Mr. Reineke's report and without the opportunity to depose him. Doc. No. 68, at 6. The deadline for filing *Daubert* motions was September 30, 2014. Doc. No. 43, at 2. Defendant states that when the parties agreed to the ten-day extension, Plaintiff's "counsel was told that Dan D would register no objection to Sundance/SEO having [an] extension of time to file a Daubert motion if warranted." Doc.

2

No. 78, at 3-4. Because Defendant expects that expert depositions will not be taken until late November, it concludes that "no one is in [a] position to file a Daubert motion." *Id.* at 4.

Under FED. R. CIV. P. 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." Good cause exists when the deadline "cannot reasonably be met despite the diligence of the party seeking the extension." *See Oklahoma ex rel. Doak v. Acrisure Bus. Outsourcing Servs., LLC*, 529 F. App'x 886, 891 (10th Cir. 2013) (unpublished) (quoting FED. R. EVID. 16 advisory committee's note). Defendant states that the reason it could not provide its final expert witness list and expert report to Plaintiff by September 25 was that "[u]nbeknownst to Dan D's counsel, Mr. Reineke was out of Oklahoma City and unable to work on his report for [a] considerable period of the ensuing ten days." Doc. No. 78, at 3. It also states that it did not receive the deposition of Plaintiff's engineer, Jacob Ellwood, until September 25, and provided Mr. Reineke with the deposition on September 28 when he returned to Oklahoma City. *Id.* at 3 n.2. Defendant notified Plaintiff on September 29 that Mr. Reineke's report was forthcoming. *Id.* at 4.

The Court finds that Defendant's explanation does not constitute good cause sufficient to extend the *Daubert* motion filing deadline. Defendant missed the Court-ordered deadline of September 15 and did not ask the Court to extend that deadline. It did not notify Plaintiff of the status of Mr. Reineke's report until September 29, four days after the parties' private deadline. Defendant also provided no explanation as to why it failed to maintain proper communication with Mr. Reineke regarding his schedule and

Defendant's deadlines. And it does not explain why the Court should take into account the fact that Defendant did not receive Mr. Ellwood's deposition until September 25, given that Defendant should have been aware of the Court's September 15 deadline when scheduling depositions, and Defendant did not ask the Court for an extension of that deadline. Plaintiff is prejudiced by Defendant's failure to abide by Rule 26(a) because the deadline for filing *Daubert* motions had passed by the time Defendant produced Mr. Reineke's expert report. And Defendant is unable to cure this prejudice because it cannot demonstrate good cause sufficient to permit the court to amend the scheduling order.

**B. Disruption of Trial & Bad Faith or Willfulness**

The discovery deadline in this case is December 15 and trial is set for February 2015. Order, Doc. No. 73. The Court finds that Defendant's filing of its expert report on October 2 has not significantly disrupted Plaintiff's preparation for trial, other than preventing it from filing a timely *Daubert* motion. There is also no evidence that Defendant's failure to comply with Rule 26(a) was the result of bad faith or willfulness. Rather, its delayed submission of Mr. Reineke's expert report appears to have resulted from a lack of diligence.

## Conclusion

Because Defendant's untimely delivery of Mr. Reineke's expert report has prejudiced Plaintiff, and Defendant has not shown good cause for extending the deadline for filing *Daubert* motions, Plaintiff's motion to strike Daniel Reineke's expert report [Doc. No. 68] is GRANTED.

IT IS SO ORDERED this 6th day of November, 2014.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE