# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **SUNDANCE ENERGY OKLAHOMA, LLC, d/b/a SEO, LLC,** | )<br>)<br>) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-13-991-R |
| **DAN D. DRILLING CORPORATION,** | )<br>) |
| Defendant, | ) |
| v. | ) |
| **SUNDANCE ENERGY, INC.,** | ) |
| Counterclaim Defendant. | ) |

## ORDER

Before the Court is Defendant Dan D. Drilling Corporation's Motion to Compel. Doc. No. 60. Plaintiff has sued Defendant for negligence and breach of contract in its drilling of an oil and gas well ("Rother Well") in Logan County, Oklahoma in December 2012. Compl. 1-2, 4-6. An employee of Defendant was killed in a drilling rig accident on December 9, 2012. *Id.* at 3; Doc. No. 60, at 6. Plaintiff alleges that Defendant was negligent in its drilling, operation and maintenance of the site and equipment, and in so doing, breached an oral contract in which Defendant agreed to drill the Rother Well. Compl. at 4-5. Defendant has filed a counterclaim against Sundance Energy, Inc. ("Sundance") for breach of a multiple well contract that included the Rother Well. Am. Countercl. 5-6. Defendant alleges that Sundance breached this contract by directing

Defendant to cease all operations. Am. Countercl. 4. Sundance denies the existence of a multiple well contract with Defendant. Doc. No. 49, at 3. Thus, a principal issue in Defendant's counterclaim is the existence of an enforceable multiple well contract between Sundance and Defendant in December 2012 that included the Rother Well.

**Background**

Defendant served on Sundance a discovery request in which it requested the following documents: (1) "All general liability and worker's compensation insurance policies in effect on December 9, 2012 which insured Sundance or SEO" (Request 19); (2) "All documents which evidence, arise out of or relate to seeking or obtaining insurance coverage for liabilities assumed by SEO or Sundance under any IADC drilling contracts between SEO and Dan D" (Request 20); (3) "all communications between [Sundance's] legal counsel and OSHA and between [Sundance's] legal counsel and Chubb or other insurers" that "evidence, arise out of, or relate to the investigation of the accident" (Request 12); and (4) "All documents which evidence or relate to each claim or notice of claim made by Sundance or SEO to Chubb or other insurers concerning or resulting from the Accident" (Request 21). Doc. No. 60, Ex. 1, at 13, 16. Defendant responded that Requests 19 and 20 seek information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. *Id.*, Ex. 5, at 21. It also stated that Requests 12 and 21 seek information that is protected by the work product doctrine. *Id.* at 16-17, 21.

## Relevance

### A. Request 19

In Request 19, Defendant seeks "All general liability and worker's compensation insurance policies in effect on December 9, 2012 which insured Sundance or SEO." Sundance contends that such material is irrelevant. Under Fed. R. Civ. P. 26(b)(1), a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," and "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Defendant argues that Sundance's insurance policies sought in Request 19 "will disclose Sundance's contractual obligations to Chubb to report the accident and keep Chubb advised of the ongoing investigation," and "may reveal the existence of a multiple well IADC contract." Doc. No. 60, at 13-14. Sundance responds that first, any contractual duty to report the accident to Chubb is irrelevant to any claim in this suit, and second, the Chubb policy does not, as a factual matter, disclose any specific contract. Doc. No. 75, at 6.

The Court finds that the documents sought in Request 19 are reasonably calculated to lead to the discovery of admissible evidence, namely, evidence of the existence of a multiple well contract between Sundance and Defendant. It is reasonable to suspect that Sundance's liability and worker's compensation policies contain evidence of particular contracts because the cost of coverage may change depending on the number of sites under contract. Although Sundance is willing, and has submitted the policies to the Court

for an *in camera* inspection,[1] such a review is unnecessary in analyzing relevancy in this case. Whether to review documents *in camera* is within the discretion of the Court. *In re Grand Jury Subpoenas*, 906 F.2d 1485, 1493 (10th Cir. 1990). But an *in camera* review to assess relevancy is appropriate only in "highly unusual circumstances." *In re Grand Jury Proceedings*, 616 F.3d 1186, 1205 (10th Cir. 2010). The Court can determine from the discovery request that the materials requested are reasonably calculated to lead to the discovery of admissible evidence. Accordingly, the "relevancy analysis ceases there." *Id.*

## B. Request 20

Sundance argues that the documents sought in Request 20, "All documents which evidence, arise out of or relate to seeking or obtaining insurance coverage for liabilities assumed by SEO or Sundance under any IADC drilling contracts between SEO and Dan D," are irrelevant. Defendant argues that this material is relevant because it will show what representations Sundance made to Chubb about the multiple well contract, and "it is likely SEO/Sundance provided the multiple well IADC contract and related documents to Chubb as part of the claims investigation process." Doc. No. 60, at 14. The Court finds that the information sought in Request 20 is reasonably calculated to lead to the discovery of evidence supporting the existence of a multiple well contract between the parties.

Sundance states that all of the documents it gave to Chubb have already been produced, "save for [Sundance's attorney's] direct communications which contain his mental impressions and work product." Doc. No. 75, at 6. As explained below, Sundance

---

[1] Sundance submitted the policies for an *in camera* inspection to assist the Court in determining whether Requests 12 and 21 seek information protected by the work product doctrine. *See* Order, Doc. No. 83.

4

has not satisfied its burden of demonstrating that such communications are protected by the work product doctrine. Thus, Sundance must produce any previously withheld documents that fall under Request 20.

## **Work Product Doctrine**

Sundance argues that information sought by Requests 12 and 21, "all communications between [Sundance's] legal counsel and OSHA and between [Sundance's] legal counsel and Chubb or other insurers" that "evidence, arise out of, or relate to the investigation of the accident" and "All documents which evidence or relate to each claim or notice of claim made by Sundance or SEO to Chubb or other insurers concerning or resulting from the Accident," are protected by the work product doctrine, at least "[t]o the extent this request seeks information shared between Sundance's counsel and its insurance carrier." Doc. No. 60, Ex. 5, at 16-17, 21. The work product doctrine, even in a diversity action, is governed by federal law. *Frontier Ref., Inc. v. Gorman-Rupp Co.*, 136 F.3d 695, 702 n.10 (10th Cir. 1998). Under FED. R. CIV. P. 26(b)(3), the work product doctrine protects (1) documents and tangible things, (2) that were prepared in anticipation of litigation or trial, and (3) that were prepared by or for another party or a party's representative. *In re Qwest Commc'ns Int'l Inc.*, 450 F.3d 1179, 1185-86 (10th Cir. 2006). "At its core, the work product doctrine shelters the mental processes of the attorney, providing a privileged area within which he[/she] can analyze and prepare his[/her] client's case." *Id.* at 1186. The party asserting protection under the work product doctrine has the burden of establishing each element. *Grand Jury Proceedings*, 616 F.3d at 1185.

The issue in the present case is whether the requested documents were prepared in anticipation of litigation. "[D]ocuments prepared in the ordinary course of business or that 'would have been created in essentially similar form irrespective of the litigation' are not protected by the work-product doctrine." *Wells Fargo Bank, N.A. v. LaSalle Bank Nat'l Ass'n*, No. CIV-08-1125-C, 2010 WL 2594828, at *5 (W.D. Okla. June 22, 2010) (quoting *E.B. v. New York City Bd. of Educ.*, No. CV 2002-5118(CPS)(MDG), 2007 WL 2874862, at *3 (E.D.N.Y. Sept. 27, 2007)).

From an *in camera* review of Sundance's liability insurance policy with Chubb in effect at the time of the accident, the Court notes that the policy gives Chubb the discretion to "investigate any occurrence or offense and settle any claim or suit." Liability Insurance, at 4. It also states that Sundance has the obligation to notify Chubb "as soon as practicable of any occurrence or offense that may result in a claim, if the claim may involve [Chubb] or such other insurers." *Id.* at 19. Sundance's workers' compensation insurance policy has similar provisions. Workers Compensation and Employers Liability Insurance Policy, at 5 ("Tell us at once if injury occurs that may be covered by this policy…. Cooperate with us and assist us, as we may request, in the investigation, settlement or defense of any claim, proceeding or suit.").

The Court concludes that the documents at issue were not prepared in anticipation of litigation, but rather were provided to the insurance carriers in the ordinary course of business, to satisfy a contractual obligation. *First Pac. Networks, Inc. v. Atl. Mut. Ins. Co.*, 163 F.R.D. 574, 582 (N.D. Cal. 1995) ("When it is clear that documents would have been prepared independent of any anticipation of use in litigation (i.e., because some

6

other purpose or obligation was sufficient to cause them to be prepared), no work product protection can attach.").

## Conclusion

The materials sought by Requests 19 and 20 are reasonably calculated to lead to the discovery of admissible evidence, and the information sought by Requests 12 and 21 are not protected by the work product doctrine. Accordingly, Defendant Dan D. Drilling Corporation's Motion to Compel [Doc. No. 60] is GRANTED.

IT IS SO ORDERED this 13th day of November, 2014.

*David L. Russell*

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE