## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) SUNDANCE ENERGY OKLAHOMA, LLC, d/b/a SEO, LLC, and <br> (2) SUNDANCE ENERGY, INC. <br><br> Plaintiffs, <br><br> v. <br><br> DAN D. DRILLING CORPORATION, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. CIV-13-991-R |

## ORDER

Before the Court is Defendant's Motion in Limine Concerning "OSHA Evidence." Doc. No. 115. Defendant asks the Court to exclude evidence regarding a report written by an official from the Occupational Safety and Health Administration ("OSHA") and resulting citations issued to Defendant because such evidence is inadmissible hearsay and is unfairly prejudicial. Doc. No. 115, at 4. Defendant's motion is granted in part and denied in part.

The Court finds that both the report and the citations meet the requirements of the public records exception to hearsay, as Defendant has not satisfied its burden to show that the circumstances surrounding their creation indicate a lack of trustworthiness. *See* FED. R. EVID. 803(8) (placing the burden on the "opponent [to] show that the source of information or other circumstances indicate a lack of trustworthiness"). With regard to the report, because any hearsay contained within the report must also fit within an exception to the rule against hearsay, *see* FED. R. EVID. 805, the Court will admit only those parts of

the report that fall under the exception for statements by an opposing party, *see* FED. R. EVID. 801(d)(2), and any other non-hearsay contained within the report. The undersigned does not find the admission of such evidence to be unfairly prejudicial under Rule 403.

With regard to the citations, the Court finds that the citation related to the drilling line does not violate Rule 403 and is admissible. *See* Doc. No. 115, Ex. 3, at 6. But any probative value of the other citations is outweighed by the danger of unfair prejudice to Defendant, given that they do not directly relate to the cause of the accident at issue in this case.[1] Evidence of any other citations is therefore inadmissible. The parties may also offer evidence of any abatement certification provided by Defendant to OSHA concerning the drilling line citation,[2] and the identical drilling line citation issued to, and any resulting abatement certification provided by, Tres Management, Inc.[3] Finally, the parties may offer evidence of Defendant's and Tres Management's settlement agreements with OSHA regarding the drilling line citations,[4] but must redact any reference to other citations.

---

[1] Consistent with the Court's ruling at the hearing on the motions in limine, Plaintiffs shall redact any references to other citations against Defendant. Doc. No. 177, at 47-48.

[2] *See* Doc. No. 115, Ex. 3, at 2 ("For each violation which you do not contest, you must provide *abatement certification* to the Area Director of the OSHA office issuing the citation and identified above.").

[3] *See* Doc. No. 115, Ex. 4, at 6.

[4] *See* Doc. No. 115, Ex. 6, at 1 ("The Employer agrees to correct the hazards identified in the citations, or as amended below."); *id.* at 2 ("The Employer, by signing this settlement agreement, hereby waives its rights to contest the above citation(s) and penalties, as amended in paragraph 4 of the Agreement.").

IT IS SO ORDERED this 9th day of February, 2015.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE