# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SUNDANCE ENERGY OKLAHOMA, LLC, d/b/a SEO, LLC, and SUNDANCE ENERGY, INC., | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )    Case No. CIV-13-991-R<br>) |
| DAN D. DRILLING CORPORATION, | )<br>)<br>) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiffs' Motion for Attorneys' Fees. Doc. No. 208. Defendant responded in opposition to the motion, arguing that Plaintiffs ("Sundance") are not entitled to attorney's fees and seeking discovery and an evidentiary hearing on the reasonableness of the requested fees. Doc. No. 211. On May 13, 2015, the Court entered an Order in which it found that, under Oklahoma law, Sundance is entitled to attorney's fees. Doc. No. 224, at 1-2; *see* OKLA. STAT. ANN. tit. 12, § 940 (West). On Friday, June 5, the undersigned held a hearing to determine the reasonableness of the fee request. Having considered the parties' submissions and the testimony at the hearing, the Court orders an award of attorney's fees to Sundance in the amount of $504,162.70.

Under Oklahoma law, the correct method for determining a reasonable attorney fee is to calculate the lodestar fee and then adjust the fee by considering the factors set forth in *State ex rel. Burk v. City of Oklahoma City*, 598 P.2d 659 (Okla. 1979).[1] *Spencer v. Oklahoma Gas & Electric Co.*, 171 P.3d 890, 895 (Okla. 2007). The lodestar fee is the base fee computed as the reasonable number of hours expended by the attorney(s) multiplied by the reasonable hourly rate. *Atwood v. Atwood*, 25 P.3d 936, 951 n.21 (Okla. Civ. App. 2001) (*citing Burk*, 598 P.2d at 660-661).

Sundance provided the chart below to explain the hourly rate charged by each attorney or paralegal, the number of hours for which fees are sought, and the total fees sought.

| Name | Hourly Rate | Hours Before 12-31-2014 for Which Fees Are Sought (Reduced by 30%) | Hours After 1-1-2015 for Which Fees Are Sought | Total Hours for Which Fees Are Sought | Total Fees Sought |
|---|---|---|---|---|---|
| Mark K. Blongewicz (MKB) | $375 | 546.60 | 275.6 | 822.2 | $308,325.00 |
| Robert P. Fitz-Patrick (RPF) | $325 | 384.79 | 339.7 | 724.49 | $235, 459.25 |
| Sharon T. Thomas (STT) | $300 | 60.10 | 39.55 | 99.65 | $29,895.00 |

---

[1] *See Burk*, 598 P.2d at 661 (listing 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill required to perform the legal services properly; 4) the preclusion of other employment by the attorney due to accepting the case; 5) the customary fee; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or the circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and ability of the attorney; 10) the undesirability of the case; 11) the nature and length of the professional relationship with the client; and 12) awards made in similar cases).

| Molly A. Aspan (MAA) | $265 | 0 | 95.4 | 95.4 | $25,281.00 |
| Conor P. Cleary (CPC) | $210 | 132.09 | 62 | 194.09 | $40,758.90 |
| Lucinda Risi (LR) | $175 | 166.04 | 3.4 | 169.44 | $29,652.00 |
| Zachary W. Brewer (ZWB) | $165 | 181.09 | 193.9 | 374.99 | $61,873.35 |
| **Totals** | | **1,470.7** | **1,009.55** | **2,480.25** | **$731,244.50** |

Doc. No. 209, at 4. At the June 5 hearing, Defendant's expert, Mr. Condren, provided the following chart on the reasonableness of the fee request to account for a reduction of hours he found to be insufficiently described in the time records such that he could not determine if the time spent on those particular tasks was reasonable.

| NAME | Reasonable Rate for Oklahoma City Legal Market | Hours After Reduction for Improperly or Inadequately Described Hours Before 12-31-14 | Hours After Reduction for Improperly or Inadequately Described Hours After 01-01-15 | Total Hours | Adjusted Fees |
|---|---|---|---|---|---|
| Mark K. Blongewicz (MKB) | $282.50 | 535.74 | 255.40 | 791.14 | $223,497.05 |
| Robert P. Fitz-Patrick (RPF) | $230.00 | 270.34 | 291.50 | 561.84 | $129,223.20 |
| Sharon T. Thomas (STT) | $230.00 | 60.10 | 39.55 | 99.65 | $22,919.50 |
| Molly A. Aspan (MAA) | $210.00 | ------ | 95.40 | 95.40 | $20,034.00 |

| Conor P. Cleary (CPC) | $175.00 | 132.09 | 62[2] | 194[3] | $33,950.00[4] |
|---|---|---|---|---|---|
| Lucinda Risi (LR) | $110.00 | 59.80 | 3.4 | 63.20 | $6,952.00 |
| Zachary W. Brewer (ZWB) | $95.00 | 139.16 | 193.9[5] | 333.06[6] | $31,640.70[7] |
| **TOTAL** | | | | | **$468,216.45[8]** |
| **Reduction for Unsuccessful Defense of Motion to Compel** | | | | | **$12,827.50** |
| | | | | | **$455,388.95[9]** |

The Court finds Mr. Condren's analysis of Sundance's time records reliable. Sundance's requested fees should be reduced by the number of hours for which the time records insufficiently describe the work conducted. *See GRP of Texas, Inc. v. Eateries, Inc.*, 27 P.3d 95, 99 (Okla. 2001) ("Where reasonable attorneys fees are authorized by statute the trial court must make a determination … what a reasonable fee is for such services. The prevailing party requesting attorney's fees taxed as costs has the burden of

---

[2] The chart Mr. Condren provided listed 62.60 in this box. Because Sundance listed 62 in this box, Doc. No. 208, at 11, and Condren was reducing these hours, the Court keeps the amount requested by Sundance, as it is unclear what figure Condren intended to list in this box.

[3] The chart Mr. Condren provided listed 194.69 in this box. Because Sundance listed 194 in this box, and Condren was reducing these hours, the Court keeps the amount requested by Sundance, as it is unclear what figure Condren intended to list in this box.

[4] The chart Mr. Condren provided listed $34,070.75 in this box. To account for the change in the column to the left, the Court updated this number to $33,950.00, the product of 175 and 194.

[5] The chart Mr. Condren provided listed 375 in this box, but he informed the Court during the hearing that he did not intend to change the number listed by Sundance in its chart, which was 193.9, Doc. No. 208, at 11.

[6] The chart Mr. Condren provided listed 514.16 in this box. To account for the change in the column to the left, the Court updated this number to 333.06, the sum of 139.16 and 193.9.

[7] The chart Mr. Condren provided listed $48,541.70 in this box. To account for the change in the column to the left, the Court updated this figure to $31,640.70, the product of 333.06 and 95.

[8] The chart Mr. Condren provided listed $485,541.70 in this box. To account for the change in the adjusted fees for CPC and ZWB, the Court updated this figure to $468,216.45, the sum of all of the adjusted fees.

[9] The chart Defendant's expert provided listed $472,714.20 in this box. To account for the change in the adjusted fees for CPC and ZWB, the Court updated this figure to $455,388.95, the difference between $468,216.45 and $12,827.50.

showing facts necessary to support the determination of the trial court."). The Court also agrees that Defendant should not be responsible for Sundance's attorney's fees incurred with respect to its unsuccessful defense of Defendant's motion to compel. *See* Order, Doc. No. 93, at 7.

The Court does disagree, however, with the reasonable rate allocated to MKB and RPF by Mr. Condren. The undersigned finds that, based on its own knowledge of the prevailing rates in this community for work conducted by attorneys with similar skill and experience, a reasonable rate for MKB is $300 per hour and a reasonable rate for RPF is $250 per hour. Accounting for these changes, the adjusted fees for MKB are $237,342.00,[10] and the adjusted fees for RPF are $140,460.00.[11] This changes the total fees, after a reduction of $11,567.50 for the unsuccessful defense of the motion to compel,[12] to $481,730.70.

In its Supplement to Plaintiff's Motion for Attorney Fees, Sundance requests an additional $29,146.50 based on work conducted in responding to Defendant's motion for a new trial, outlined in the chart below.

---

[10] This is the product of $300 and 791.14.
[11] This is the product of $250 and 561.84.
[12] The chart Mr. Condren provided listed $12,827.50 for the fees incurred in defending against the motion to compel. Because the Court increased the rate Mr. Condren applied to work done by MKB and RPF, the undersigned conducted its own analysis of Sundance's time records to determine how much to reduce the fee award for this work.

5

| Name | Hourly Rate | March 2015 Hours | April 2015 Hours | Total Hours for Which Fees are Sought Regarding Dan D's Motion for New Trial | Total Additional Fees Sought Regarding Dan D's Motion for New Trial |
|---|---|---|---|---|---|
| Mark K. Blongewicz (MKB) | $375 | 5.10 | 11.40 | 16.50 | $6,187.50 |
| Robert P. Fitz-Patrick (RPF) | $325 | 38.80 | 29.00 | 67.80 | $22,035.00 |
| Zachary W. Brewer (ZWB) | $165 | .40 | 5.20 | 5.60 | $924.00 |
| **Totals** | | **44.30** | **45.60** | **89.90** | **$29,146.50** |

Doc. No. 222, Ex. 1, at 3, ¶ 8. Adjusting the hourly rates to those used above, the figures change as follows:

| Name | Hourly Rate | March 2015 Hours | April 2015 Hours | Total Hours for Which Fees Are Sought Regarding Dan D's Motion for New Trial | Total Additional Fees Sought Regarding Dan D's Motion for New Trial |
|---|---|---|---|---|---|
| Mark K. Blongewicz (MKB) | $300 | 5.10 | 11.40 | 16.50 | $4,950.00 |
| Robert P. Fitz-Patrick (RPF) | $250 | 38.80 | 29.00 | 67.80 | $16,950.00 |
| Zachary W. Brewer (ZWB) | $95 | .40 | 5.20 | 5.60 | $532.00 |
| **Totals** | | **44.30** | **45.60** | **89.90** | **$22,432.00** |

The undersigned finds that the *Burk* factors do not require an increase or decrease in the lodestar fee. In accordance with the foregoing, Plaintiffs' Motion for Attorneys' Fees, Doc. No. 208, is GRANTED in part and DENIED in part. The Court orders an award to Sundance of reasonable attorney's fees in the amount of $504,162.70.[13]

IT IS SO ORDERED this 22nd day of June, 2015.

*/s/ David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[13] This is the sum of $481,730.70 and $22,432.00.